**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N S
======================================================================

**In re McCullough Crushing Inc., Amended CU**                    **Docket No. 179-10-10 Vtec**

Title: Motion to Dismiss (Filing No. 7)

Filed: June 5, 2013

Filed By: Appellant McCullough Crushing, Inc.

Response in opposition filed on 6/18/13 by Interested Persons James R. and Rebecca A. Davin

Response in support filed on 6/19/13 by Appellee Town of Calais

**In re McCullough Crushing Inc., Act 250 Expansion**             **Docket No. 3-1-10 Vtec**

Title: Motion to Dismiss (Filing No. 8)

Filed: June 5, 2013

Filed By: Appellant McCullough Crushing, Inc.

Response in opposition filed on 6/18/13 by Interested Persons James R. and Rebecca A. Davin

 _X_ Granted (in part)        _X_ Denied (in part)        ___ Other

Currently pending before this Court are Appellant McCullough Crushing, Inc.'s (MCI) motions to dismiss James R. and Rebecca A. Davin (the Davins) as interested persons from MCI's appeal of Act 250 Land Use Permit Amendment # 5W0842-3 and the associated Findings of Fact, Conclusions of Law and Order issued by the District 5 Environmental Commission on December 8, 2009 (the Act 250 appeal) and from MCI's appeal of the Town of Calais Development Review Board's decision regarding Application #2010-06 (the municipal appeal). Before addressing the motions, we must clarify the status of these two appeals. On December 6, 2010, this Court granted MCI's motion to consolidate Docket Nos. 3-1-10 and 179-10-10 Vtec. Pursuant to V.R.E.C.P 2(d), "where different violations or projects involve significant common issues of law or fact, the [C]ourt may advance, defer, coordinate, or combine proceedings and may make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay." This rule gives the Court a "flexible case management tool," allowing us to coordinate the conferences and hearings for multiple appeals concerning the same project. Reporter's Notes, V.R.E.C.P. 2.

This Court's past practice was to use the term "consolidate" as shorthand for the coordination of proceedings, which we often grant upon motion by one of the parties. See, e.g., In re Rivers Dev. Conditional Use Appeal, Nos. 7-1-05 Vtec, 68-3-07 Vtec, 183-8-07 Vtec, 248-11-07 Vtec, and 157-7-08 Vtec, slip op. at 7–11 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J) (granting the appellant's motion to consolidate despite opposition by some of the other parties). This type of consolidation, which the Court now more appropriately terms coordination, is not the same as consolidating multiple proceedings into a single action. See Reporter's Notes, V.R.E.C.P. 2 ("[V.R.E.C.P. 2(b)] does not address full consolidation of proceedings, which by virtue of V.R.C.P.

42(a) may be ordered only with the consent of the parties.") True "consolidation of actions involves the substitution of a single docket number for multiple actions, concludes with a single ruling, and requires the parties' consent." In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.); see also V.R.C.P 42(a) ("[The court] may, with the consent of the parties, order all actions consolidated . . . ."); Mobbs v. Central Vt. Ry., Inc., 155 Vt. 210, 215 & n.2 (1990) (discussing V.R.C.P. 42 and distinguishing a court order to hold a joint trial from an order merging "suits in a single cause of action").

When this Court granted MCI's motion to consolidate the Act 250 and municipal appeals in this case, it in fact coordinated those matters. In other words, the matters retained distinct docket numbers, but they were coordinated to allow for combined conferences and hearings. We make this clarification in part to provide context for our decision below on the interested person status of the Davins in the Act 250 appeal.

In response to MCI's motion to dismiss the Davins from the Act 250 appeal, the Davins state that they "do not claim standing with respect to the Act 250 portion of this proceeding." (Davin[s'] Resp. to Mot. to Dismiss at 1, filed Jun. 18, 2013.) The Davins appear to view the two pending appeals as having been truly consolidated into one appeal, however, and therefore assert that "[t]o dismiss the Davins from the Act 250 portion of the case would be superfluous." Id. As we note above, these two pending appeals were never truly consolidated or combined into one appeal, but were coordinated. Accordingly, we **GRANT** MCI's motion to dismiss the Davins as interested persons from the Act 250 appeal, Docket No. 3-1-10 Vtec, as the Davins do not claim standing as interested persons in that appeal.

MCI also seeks to dismiss the Davins from the municipal appeal for failing to satisfy the requirements to be "interested persons" pursuant to 24 V.S.A. § 4465(b)(3) and 10 V.S.A. § 8504(n)(5). In opposition, the Davins first contend that MCI failed to timely raise the issue of the Davins' standing in the municipal appeal. The Davins argue that because no party has challenged the Davins' standing to participate as interested persons in this case before, particularly in the proceedings below, they cannot do so now. This argument is incorrect. "Because standing is a necessary component of the court's subject-matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 189 Vt. 235 (internal citations omitted). Accordingly, we will consider MCI's motions to dismiss the Davins from the municipal appeal.

24 V.S.A. § 4465 allows appeals of decisions by municipal administrative officers to municipal panels by interested persons, including those "owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who allege[] that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." Id. § 4465(b)(3). 10 V.S.A. § 8504(n)(5) allows the same interested persons to intervene in pending appeals of such decisions to this Court. In arguing that the Davins cannot intervene in this pending municipal appeal under 10 V.S.A. § 8504(n)(5), MCI claims that the Davins fail to show that (i) they own or occupy property in the "immediate neighborhood" of the project site, and (ii) that the project, if permitted, would have a physical or environmental impact on their interests under the criteria reviewed. See 24 V.S.A. § 4465(b)(3).

The first and second criteria for standing under 24 V.S.A. § 4465(b)(3) are related, and this Court, when reviewing a challenge to interested person status, often considers the distance between an interested person's property and a project site in its review of that person's alleged

harm.  See, e.g., <u>DiSimone and Moisis Family Trust</u>, No. 247-12-09 Vtec, slip op. at 8 (Vt. Envtl. Ct. Apr. 27, 2010) (Wright, J.).  However, "[t]he determination of whether an individual is in the 'immediate neighborhood' of a proposed project is not strictly based on distance, but instead depends on 'whether the [party] potentially could be affected by any of the aspects of the project which have been preserved for review on appeal.'"  <u>Id</u>. (citing <u>In re Vanishing Brook Subdivision</u>, No. 223-10-07 Vtec, slip op. at 6 (Vt. Envtl. Ct. Jan. 16, 2008) (Wright, J.)).  To survive MCI's motion to dismiss for lack of standing, the Davins must only demonstrate a reasonable possibility that the Project will have a physical or environmental impact on one of their protected interests, in light of the distance between the Davins' property and the project site and the nature of the alleged impacts.  See <u>In re Asia Minor Hotel/Resort/Spa</u>, No. 124-9-12 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. June 4, 2013) (Durkin, J.) (citing <u>In re Goddard College Conditional Use</u>, No. 175-12-11 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Jul. 5, 2012) (Walsh, J.)

Both MCI and the Davins agree that the Davins' property, according to internet mapping services, is roughly one mile from the project site, although the Davins point out that "[t]he straight-line distance between the Davin barn and the northernmost edge of the existing excavation is 2970 feet," or roughly .56 miles.  (Davin[s'] Resp. to Mot. to Dismiss at 3, filed June 18, 2013.)  In this case, in light of the potentially far-reaching nature of the effects of the gravel and sand extraction process, we conclude that the Davins' property is within the "immediate neighborhood" of the project site.  We also conclude that, at this stage of the proceeding, the Davins have asserted a reasonable possibility that noise from the expansion of MCI's existing sand and gravel operation may have a physical or environmental impact on the Davins' interest under the criteria reviewed.[1]  Accordingly, we find that the Davins have standing to remain interested persons in the pending municipal appeal.  We **DENY** MCI's motion to dismiss the Davins as interested persons from Docket No. 179-10-10.

_____     _____June 27, 2013_____
     Thomas G. Walsh, Judge                                    Date

===============================================================================
Date copies sent to: _____                        Clerk's Initials _____
Copies sent to:
    Christopher D. Roy, Attorney for Appellant McCullough Crushing, Inc.
    Joseph S. McLean, Attorney for Appellee Town of Calais
    David Grayck, Attorney for Cross-Appellants
    Brian Amones, Attorney for Interested Persons James R. and Rebecca A. Davin
    Interested Person Scott Gregory Grzankowski
    Jon Groveman and Elizabeth Lord, Attorneys for Agency of Natural Resources
    Melanie Kehne, Attorney for Natural Resources Board/LU Panel
    Kevin Wells, For Informational Purposes Only

---

[1]  Although the Davins do not specifically mention the provision or provisions of the Town of Calais Land Use & Development Regulations that regulates noise for the proposed project, MCI and the Town, in its response in support of MCI's motion, appear to concede that noise is one of the criteria for which the proposed project is reviewed under the Regulations.